**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JENNIFER NICHOLSON,**

                      **Plaintiff,**

    **vs.**                                                 **5:13-cv-00027
                                                                    (MAD)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

                      **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**OLINSKY LAW GROUP**                 **HOWARD D. OLINKSY, ESQ.**
300 S. State Street
Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **BENIL ABRAHAM, ESQ.**
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Jennifer Nicholson brought this action pursuant to 42 U.S.C. § 405(g), seeking a review of the Commissioner of Social Security's decision to deny her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Presently before the Court are Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 11, and Defendant's cross-motion for judgment on the pleadings, *see* Dkt. No. 12.

## II. BACKGROUND

On April 20, 2010, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of June 15, 2005. *See* Dkt. No. 9, Administrative Transcript ("T."), at 179-84, 195. On September 22, 2010, Plaintiff's application was denied, T. at 73-74, and on July 25, 2011, Plaintiff and her counsel appeared by video at a hearing before Administrative Law Judge ("ALJ") Susan Wakshul, T. at 45-72. The ALJ issued a decision denying Plaintiff's claim for benefits on July 28, 2011. T. at 24-38. Plaintiff timely filed a request for review by the Appeals Council on October 3, 2011, which was denied on November 12, 2012, T. at 1-6, thereby making the ALJ's decision the final decision of the Commissioner of Social Security.

Plaintiff alleges disability as a result of seizures, impaired vision, stress and anxiety, all secondary to tuberous sclerosis. T. at 55, 57, 200. The record evidence in this case is undisputed and the Court adopts the parties' factual recitations. *See* Dkt. No. 11 at 2-9; Dkt. No. 12 at 1 ("The Commissioner . . . incorporates by reference the statement of facts set forth in Plaintiff's Brief . . . with the exception of any arguments, conclusions, or inferences therein").

## III. DISCUSSION

### A. Standard of Review

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial

evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

For purposes of both DIB and SSI, a person is disabled when she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

In reviewing the denial of a claim, the Court will typically employ the traditional five-step analysis set forth in *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). However, where, as here, a plaintiff raises an issue of newly submitted evidence, the Court addresses that issue first. "Judicial economy warrants addressing the new evidence issue first because if a remand is necessary then the other issues will not need to be considered at this time. On remand, the Commissioner may resolve the case in such a way that consideration of the other issues is not necessary." *Clemons v. Astrue*, No. 12-CV-269A, 2013 WL 4542730, *5 (W.D.N.Y. Aug. 27,

2013); *see also Sears v. Colvin*, No. 12-CV-570, 2013 WL 6506496, *3 (N.D.N.Y. Dec. 12, 2013) (quotation omitted).

**B.     Dr. Coleman's Opinion**

Following the ALJ's decision, Plaintiff submitted additional medical evidence to the Appeals Council in the form of a psychological evaluation report and medical source statement by Plaintiff's evaluating psychologist, Dr. Stephen F. Coleman. T. at 246-49, 306-14. The report and medical source statement were based on an evaluation performed July 25, 2011, the same day as the hearing and three days before the ALJ rendered her opinion. T. at 24-38, 306-14. In his report, Dr. Coleman provides his working diagnosis that Plaintiff suffers from panic attacks with agoraphobia and depressive disorder. T. at 307. In the medical source statement, Dr. Coleman finds significant limitations on Plaintiff's ability to function in a work setting, finding Plaintiff "[u]nable to meet competitive standards" in her ability to work with coworkers, get along with coworkers, interact with the general public, travel in unfamiliar places, and use public transportation. T. at 312-13. Plaintiff argues that these new medical records undercut the validity of the residual functional capacity ("RFC") and justify remand for a new determination of the RFC based on the full record. *See* Dkt. No. 11 at 13-15.

"Sentence four of Section 405(g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405(g)). A sentence four remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper

4

disposition of [a] claim." *Kirkland v. Astrue*, No. 06 CV 4861, 2008 WL 267429, *8 (E.D.N.Y. Jan. 29, 2008).

In this case, the Court finds that a sentence four remand is warranted as Dr. Coleman's report constituted new and material evidence that creates inconsistencies in the medical evidence and could potentially fill significant gaps in the record. *See Kirkland*, 2008 WL 267429 at *8.

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); *see also Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b).

To obtain a review of the additional evidence, the claimant must establish that "the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." *Sergenton v. Barnhart*, 470 F. Supp. 2d 194, 204 (E.D.N.Y. 2007) (citing *Lisa v. Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991)).

Evidence is material if there is "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." *Id.* If the Appeals Council fails to consider new, material evidence, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." *Sears v. Colvin*, No. 12-CV-570, 2013 WL 6506496, *5 (N.D.N.Y. Dec. 12, 2013) (quoting *Shrack v. Astrue*, 608 F. Supp. 2d 297, 302 (D. Conn. 2009)).

In Dr. Coleman's statement, he found that Plaintiff would be unable to meet competitive standards regarding "work in coordination with or proximity to others without being unduly

5

distracted[.]" T. at 312. Further, he found that Plaintiff would be unable to get "along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes." *See id.* Dr. Coleman also determined Plaintiff to be seriously limited in her abilities to maintain regular attendance, complete a normal workday and workweek without interruptions from psychologically based symptoms, and deal with normal work stress. *See id.* Regarding her mental abilities and aptitude to do work, Dr. Coleman opined that Plaintiff is unable to meet competitive standards regarding interacting appropriately with the general public. *See id.* Dr. Coleman found that Plaintiff would have "major difficulties in sustaining work activities" and he anticipated that Plaintiff's impairments would keep her from work about three days per month, depending on, among other things, the nature of the employment. *See id.* at 313.

Dr. Coleman's report was new, material evidence and the Appeals Council's failure to address it meaningfully warrants remand. The report was new in that it was generated following the hearing before the ALJ and it is not cumulative of other evidence in the record as it deals with Plaintiff's mental limitations, as opposed to the physical limitations addressed by the other medical evidence. Dr. Coleman's report is also material in that it relates to the relevant time frame and is probative to the issue of Plaintiff's disability. Specifically, the ALJ found Plaintiff to be a non-credible witness and, citing to her daily activities, found it unlikely that she suffers from any debilitating anxiety or psychological issues. *See* T. at 32. Dr. Coleman's report is clearly material in that it specifically addresses Plaintiff's psychological issues that the ALJ discounted when he found that Plaintiff's subjective complaints were not credible. Finally, Dr. Coleman's report could potentially have changed the ALJ's decision as it contradicts her determination that Plaintiff had no medically determinable mental impairment. T. at 30; *Sergenton*, 470 F. Supp. 2d at 204 (finding that evidence "is material if there is "a reasonable possibility that the new

6

evidence would have influenced the Secretary to decide claimant's application differently") (citation omitted).

Moreover, medical evidence generated after the relevant time can still be material so long as it relates to the severity of Plaintiff's disability or diagnoses during the relevant time frame. *Woodford v. Apfel*, 93 F. Supp. 2d 521, 527 (S.D.N.Y. 2000); *see also Newbury v. Astrue*, 321 Fed. Appx. 16, 18 n.2 (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)) (noting that "medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing"). Dr. Coleman's report and associated medical source statement relate to the relevant time period as Dr. Coleman opines that Plaintiff's anxiety with agoraphobia stems from her tuberous sclerosis, a condition Plaintiff has dealt with since childhood. As such, there is an indication that Dr. Coleman's diagnosis applies retrospectively. T. at 307-08. Moreover, the existence of mental limitations as a product of tuberous sclerosis is consistent with the report of Dr. Rivera, *see* T. at 277 (noting that "mental issues are part of tuberous sclerosis, and most patients who have tuberous sclerosis have mental issues ranging from irritability . . . to full blown autism"), on which the ALJ placed significant weight. T. at 32.

There is no meaningful way for the Court to determine why the Appeals Council found the proffered evidence immaterial. The Appeals Council's cursory statement that it reviewed the additional materials and that the evidence "did not provide a basis for changing the Administrative Law Judge's decision" deprives the Court of its ability to determine whether the Commissioner's decision is supported by substantial evidence. The Court is forced to review a decision by the ALJ that makes no mention of a relevant medical opinion (through no fault of the ALJ). Since all medical opinions must be considered and weighed in arriving at a disability determination, 20 C.F.R. §§ 404.1527(b) & (c), and as the Appeals Council failed to provide any

7

basis for the Court to determine whether that was done, remand is appropriate. *See Tarigo v. Brown*, No. 85 Civ. 3130, 1986 WL 6785, *6 (S.D.N.Y. June 10, 1986) (quoting *Carnevale v. Gardner*, 393 F.2d 889, 891 (2d Cir. 1968)) ("A reviewing court 'cannot fulfill the duty entrusted to [it], that of determining whether the Hearing Examiner's decision is in accordance with the Act, if [it] cannot be sure that he has considered some of the more important evidence presented'"); *see also Patel v. Colvin*, No. 10-CV-04617, 2013 WL 3873234, *5-6 (E.D.N.Y. July 25, 2013) (holding that remand is required where the ALJ failed to mention a probative, non-medical source).

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 13, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge